[No. 1167. Decided February 28, 1894.]

B. F. CORLISS, *Appellant*, v. PATRICK DUNNING, *Respondent*.

EASEMENT — TO DIG GRAVEL — INJUNCTION — COUNTERCLAIM — TRESPASS — PLEADING.

Although the reservation made in a deed of the right to take gravel from the grantee's land for the purpose of repairing a mill dam is general in terms and fixes no place from which gravel should be taken, yet the fact that for more than ten years gravel had been taken from a certain pit on the land, which was the nearest and most convenient place from which the plaintiff could take gravel,

and no other specific place had been pointed out by the grantee which was equally convenient, is sufficient to render such place an established pit, and give the plaintiff a right to take gravel therefrom without interference.

In an action to enjoin defendant from interfering with plaintiff's right to take gravel from defendant's land, defendant cannot counterclaim for damages committed by plaintiff to defendant's land and growing wheat, when such trespass has no connection with his taking of gravel.

Proof of damages subsequent to the commencement of an action is inadmissible under an answer which states "that for the period of one year prior to the commencement of said cause the plaintiff . . . has wrongfully and oppressively torn down defendant's fences," etc.

*Appeal from Superior Court, Thurston County.*

*Milo A. Root,* for appellant.

*W. I. Agnew,* for respondent.

The opinion of the court was delivered by

STILES, J.——By reservation made in a deed from the common grantor of plaintiff and defendant, the plaintiff, who was the owner of certain lands with a mill and mill pond located thereon, was entitled to take gravel from the defendant's land for the purpose of repairing his mill dam. For a number of years he had taken gravel from a place on defendant's land where there was an established gravel pit, and immediately preceding the commencement of this action was desirous of taking more gravel therefrom to make necessary repairs on his dam. This pit was at a point on defendant's land nearest to the location of the dam. The defendant, apparently denying the plaintiff's right to take gravel at all from his land, had obstructed the pit with logs and stumps and built a fence across the mouth of the pit adjoining the highway; and when plaintiff went with his help to take gravel he was opposed by the defendant with force and threats of assault. Plaintiff then brought this action to restrain the defendant's interference.

The reservation made in the deed which conveyed this land to the defendant was general in terms and fixed no place, and provided no means for fixing the place, from which gravel should be taken; and the court below, on the trial of the case, seeming to consider that the defendant had a right to fix the place from which gravel should be taken, found against the plaintiff on the ground that there were other points on defendant's land from which gravel might be procured with less damage to the defendant. In fact, the effect of the finding was that plaintiff must take gravel in such places as would least damage the defendant. The only showing that defendant would be damaged at all by the taking of gravel from the old pit was the proof that this pit was located at the edge of a pasture or hay field, and that as gravel was taken away the surface of the soil tended to cave and thereby slightly reduce the area of the field.

While it may be said that the taking of gravel under such a reservation as defined the plaintiff's right should be accompanied with due care of the defendant's rights, we think the fact that for ten years or more gravel had been taken from this pit, and that it was an established pit, and that this was the nearest and most convenient place from which plaintiff could take gravel, and no other specific place was pointed out by the defendant which was equally convenient, the plaintiff should have been permitted to continue to take gravel therefrom as his reasonable necessities required, and that the judgment should have been in his favor continuing the injunction.

The second point in the case is, that the court erred in permitting the defendant to introduce evidence tending to show two acts of the plaintiff causing damage to the defendant after the commencement of the suit. The first of these acts consisted in throwing down the fence at the pit and leaving it down, so that cattle entered defendant's

field and destroyed his growing crop of grass. This act, if properly pleaded, might, perhaps, have been a legitimate counterclaim, even in the action which plaintiff brought; but the other act complained of could not constitute a counterclaim in this action. It was alleged in testimony that after the commencement of this action the plaintiff had gone to a place upon his own land and made an excavation therein so near to the defendant's land that when rains came defendant's land caved and fell into the excavation, causing damage to his growing wheat. This trespass, if it amounted to one, was an independent transaction, not connected with the reservation authorizing plaintiff to take gravel, and not connected with his taking of gravel from defendant's land, and was no proper subject of counterclaim in an action to restrain the defendant from interfering with plaintiff's exercise of his right under the reservation. But, however that might be, none of this alleged damage was pleaded as a counterclaim at all, but merely as an affirmative answer; and if the affirmative answer were to be construed as a counterclaim by reason of the prayer for damages, still the allegation of damage was insufficient to admit proof of the damage testified to. The allegation of the answer was:

"That for the period of one year *prior to the commencement of said cause* the plaintiff has wrongfully, maliciously and oppressively claimed the right to go upon that portion of said premises improved and in cultivation as herein stated, and disregarding the rights of this defendant in the premises, has wrongfully and oppressively torn down defendant's fences, trampled down and destroyed his growing crops, and otherwise greatly damaged and injured this defendant, upon the pretext of exercising a right to make use of the earth and gravel upon defendant's land, none of which acts were necessary or requisite to the full enjoyment of plaintiff's supposed right to make use of the earth and gravel upon said premises for the purpose of repairing or building his said mill dam. That by reason of said un-

lawful acts of plaintiff, as set forth in the preceding para-
graph hereof, defendant has been damaged,'' etc.

As was stated before, the only testimony concerning
damages was as to acts which occurred subsequent to the
commencement of the action.    The defendant justifies the
admission of this testimony on the ground that although
the first part of the paragraph quoted refers to a period
prior to the commencement of the action, the charge is in
the present tense, ''has wrongfully and oppressively torn
down defendant's fences,'' etc., which referred to the time
of the filing of the answer; and that, therefore, the testi-
mony was competent.

This testimony was objected to at the trial on the ground
that no such matters had been pleaded in the answer, so
that the defendant had full notice of what was demanded
of him.    He might have amended on leave of the court,
and, unless the plaintiff showed surprise, the proof could
have been admitted.    But reading the allegations as they
stand we cannot construe them otherwise than as the ap-
pellant contends, viz., that the whole paragraph was
intended to describe transactions occurring before the
commencement of the action.    The admission of the proofs
and the judgment which followed in favor of the defendant
for damages was error.

The judgment will be reversed, and the cause remanded
with directions to the court to enter judgment in favor of
plaintiff for the relief demanded in the complaint.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ.,
concur.